1   **LEMBERG LAW, LLC**
    Trinette G. Kent (AZ Bar No, 025180)
2   3219 E. Camelback Rd., #588
3   Phoenix, AZ 85018
    tkent@lemberglaw.com
4

5   **KEOGH LAW, LTD**
    Keith J. Keogh, *Pro Hac Vice to be filed*
6   55 West Monroe Street, Suite 3390
7   Chicago, Illinois 60603
    312-726-1092
8   Keith@KeoghLaw.com

9   **MAX HUNTER STORY, PA**
10  Max Story, Esq. *Pro Hac Vice to be filed*
    328 2nd Avenue North
11  Jacksonville Beach, Florida 32250
12  Telephone (904)372-4109
    max@storylawgroup.com
13

14  *Attorneys for Plaintiff Tonya Canady*

15          IN THE UNITED STATES DISTRICT COURT
16              FOR THE DISTRICT OF ARIZONA

17  Tonya Canady, on behalf of herself :   Case No.
    and others similarly situated,     :
18                                      :
19          Plaintiff,                  :   **CLASS ACTION COMPLAINT FOR**
                                        :   **DAMAGES**
20  v.                                  :
21                                      :
22  Bridgecrest Acceptance Corporation, :   **JURY TRIAL DEMANDED**
                                        :
23          Defendant.                  :
                                        :
24                                      :
                                        :
25  _____/

26              <u>**CLASS ACTION COMPLAINT**</u>
27

28

Plaintiff, Tonya Canady, individually and on behalf of all others similarly situated, brings this action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA") for violations by the Defendant, Bridgecrest Acceptance Corporation ("Defendant" or "Bridgecrest").

**JURISDICTION AND VENUE**

1.     This Court has jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. §1337, and 47 U.S.C. § 227 (TCPA).

2.     Venue in this District is proper because the acts occurred here and Bridgecrest is headquartered in this District.

**PARTIES & FACTS**

3.     Plaintiff Tonya Canady ("Plaintiff") is, and at all times mentioned herein was an individual citizen of the State of Florida.

4.     Bridgecrest is headquartered in Mesa, AZ, and is a provider and servicer of Auto Loans.

5.     At all times relevant herein, Plaintiff has been the subscriber and account holder for the cellular telephone number xxx-xxx-4438.

6.     At all times relevant herein, the 4438 number was registered on the National Do Not Call List.

7.     In November 2018, Plaintiff's husband purchased a car with financing from Defendant.

8.     Defendant began calling Plaintiff's cellular telephone number in an attempt to reach her husband.

9.     Defendant placed all of these calls using an automatic telephone dialing system, which dialed telephone numbers while no human being was on the line and would have long delays before an agent came on the line.

10.     During one such call on March 21, 2019, Plaintiff told Defendant that she was represented by an attorney and instructed Defendant to stop calling, thereby revoking any alleged consent that Defendant could claim to have to call Plaintiff's cellular telephone number.

11.     Plaintiff also received calls that used an artificial or prerecorded voice.  For example, one such call stated in a computerized voice:

> This is Bridgecrest calling with an important message, please return our call as soon as possible.  The number is (800)968-4261.

12.     Despite Plaintiff's instruction to no longer call, Defendant continued to call the 4438 number using an automated telephone dialing system or pre-recorded messages on numerous occasions thereafter, including on March 23, 25, 26, 27, 28, 29, 30, and April 1, 2019.

13.     On April 1, 2019, Plaintiff again spoke to Defendant and told them that they did not have consent to call her cellular telephone number.

14.     Despite Plaintiff's repeated instruction to no longer call, Defendant continued to call the 4438 number using an automated telephone dialing system and pre-recorded messages on numerous occasions thereafter, including on April 2, 3, 4, 5, 8, 9, 13, 15, 16, 17, 18, 24, and 25, 2019.

**THE TCPA**

15.     In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices - for example, computerized calls to private homes. Congress determined that federal legislation was needed because telemarketers, by operating interstate, were escaping state-law prohibitions on intrusive nuisance calls. *See Mims v. Arrow Financial Services, LLC,* 132 S. Ct. 740 (2012).

16.     Accordingly, the TCPA regulates, *inter alia*, the use of automated telephone equipment, or "autodialers." Specifically, the plain language of section

227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

17.     The TCPA also prohibits calls made with artificial or prerecorded voice.

18.     The TCPA provides a private right of action.

19.     According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

20.     The FCC also held "[c]onsumers may revoke consent in any manner that clearly expresses a desire not to receive further messages, and that callers may not infringe on that ability by designating an exclusive means to revoke." *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling and Order, FCC 15-72, 2015 FCC LEXIS 1586, ¶ 63, 30 FCC Rcd 7961, 2015 FCC LEXIS 1586, 62 Comm. Reg. (P & F) 1539 (F.C.C. July 10, 2015) ("FCC 2015 Order").

21.     Verbal instructions to cease collection calls apply to the TCPA and thus effectively revoke any prior consent the caller may have had. *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

## CLASS ALLEGATIONS

22.     Plaintiff restates each of the allegations in all other paragraphs as if full stated herein.

23.     Plaintiff, individually and on behalf of all others similarly situated, brings the above claims on behalf of a Class.

24.     The ATDS Class consists of:

(1)     All persons in the United States (2) subscribing to a cellular

4

telephone number (3) to which Bridgecrest placed a non-emergency

telephone call (4) using the same dialing system it used to call Plaintiff (5)

within 4 years of the date this complaint is filed (6) after receiving a request

to no longer call that number.

The Pre-recorded Class consists of:

(1) All persons in the United States (2) subscribing to a cellular telephone

number (3) to which Bridgecrest placed a non-emergency telephone call (4)

using       a pre-recorded message (5) within 4 years of the date this complaint

is filed (6)        after receiving a request to no longer call that number.

25.     Bridgecrest has caused consumers actual harm, not only because consumers were subjected to the aggravation that necessarily accompanies these calls, but also because consumers frequently have to pay their cell phone service providers for the receipt of such calls; such calls are also an intrusion upon seclusion, diminish cellular battery life, and waste data storage capacity.

26.     Plaintiff represents and is a member of the Class. Excluded from the Class are Defendant and any entities in which Bridgecrest has a controlling interest, Bridgecrest's agents and employees, the Judge to whom this action is assigned, and any member of the Judge's staff and immediate family, and claims for personal injury, wrongful death, and/or emotional distress.

27.     Plaintiff does not know the exact number of members in the Class, but based upon the size and national scope of Bridgecrest's business, Plaintiff reasonably believes that the class members' number at a minimum is in the thousands.

28.     Plaintiff and all members of the Class have been harmed by Bridgecrest's actions.

29.     This Class Action Complaint seeks money damages and injunctive relief.

30.     The joinder of all class members is impracticable due to the size and relatively modest value of each individual claim. The disposition of the claims in a class

5

action will provide substantial benefit to both the parties and the Court in avoiding multiplicity of identical suits. The Class can be easily identified through records maintained by Bridgecrest.

31.     There are questions of law and fact common to the members of the Class, which common questions predominate over any questions that affect only individual class members. Those common questions of law and fact include, but are not limited to:

        a.     Whether Bridgecrest used an ATDS to place calls to cellular telephones;

        b.     Whether Bridgecrest used pre-recorded messages to place calls to cellular telephones;

        c.     Whether Bridgecrest maintained adequate procedures to honor do not call requests;

        d.     Whether Bridgecrest's conduct was knowing or willful; and

        e.     Whether Bridgecrest's actions violated the TCPA;

32.     Plaintiff asserts claims that are typical of the members of the Classes. Plaintiff will fairly and adequately represent and protect the interests of the Classes, and Plaintiff does not have an interest that is antagonistic to any member of the Classes.

33.     Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes such as the TCPA.

34.     A class action is the superior method for the fair and efficient adjudication of this controversy. Class-wide relief is essential to compel Bridgecrest to comply with the TCPA. The interest of class members in individually controlling the prosecution of separate claims against Bridgecrest is small because the statutory damages in an individual action for violation of the TCPA is small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the class members, by definition, did not provide the prior express consent required under the statute to authorize calls to their

6

cellular telephones.

35.     Bridgecrest has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the class as a whole appropriate. Moreover, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## COUNT I: VIOLATION OF TCPA § 227 (b)(1)(A)(i).

36.     Plaintiff restates each of the factual allegations in all other paragraphs as if fully stated herein.

37.     The telephone calls from Bridgecrest to Plaintiff's cellular telephone number were made using an ATDS.

38.     Some of the telephone call from Bridgecrest to Plaintiff's cellular telephone number were pre-recorded messages.

39.     Bridgecrest, or its agents, placed calls to Plaintiff at a telephone number assigned to a cellular telephone service.  The telephone calls Bridgecrest placed to Plaintiff were not placed for emergency purposes, as defined by TCPA § 227 (b)(1)(A)(i).

40.     At the time Bridgecrest placed the phone calls alleged herein, Bridgecrest did not have consent to do after being instructed to stop calling.

41.     Bridgecrest has therefore violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), which makes it unlawful for any person within the United States "... to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice ... ".

42.     As a result of Bridgecrest's illegal conduct, the members of the class suffered actual damages and, under § 227(b)(3)(B), are each entitled to, *inter alia*, a

minimum of $500.00 in damages for each such violation of the TCPA.

43.     Plaintiff and class members are also entitled to, and do, seek injunctive relief prohibiting Bridgecrest's violations of the TCPA in the future.

**WHEREFORE**, Plaintiff requests that the Court enter judgment in her favor and in favor of the Classes, and against Defendants for:

1.  A declaration that Defendant's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227;

2.  A declaration that Defendant used or caused to be used an automatic telephone dialing system which made calls to Plaintiff and the Classes cellular telephones;

3.  An award of statutory damages for Plaintiff and each Class member in the amount of $500.00 for each and every call that violated the TCPA;

4.  An award of treble damages, as provided by statute, of up to $1,500.00 for Plaintiff and each Class member for each and every call that violated the TCPA;

5.  An order certifying this action to be a proper class action pursuant to the Federal Rule of Civil Procedure 23, establishing the appropriate Classes and any Sub-classes the Court deems appropriate, finding that Plaintiff is a proper representative of the Classes, and appointing the lawyers and law firms representing Plaintiff as counsel for the Classes;

6.  Attorney's fees, litigation expenses and costs of suit; and

7.  Such further and other relief the Court deems reasonable and just.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff, on behalf of herself and all others similarly situated, demands a trial by jury on all questions of fact raised by the amended complaint.

Dated:  July 17, 2019

By: /s/ Trinette G. Kent
Trinette G. Kent
LEMBERG LAW, LLC
3219 E. Camelback Rd., #588
Phoenix, AZ 85018
tkent@lemberglaw.com

Keith J. Keogh, *Pro Hac Vice to be filed*
Keogh Law, LTD
55 West Monroe Street, Suite 3390
Chicago, Illinois 60603
312-726-1092
312-726-1093 (fax)
Keith@KeoghLaw.com

Max Story, Esq. *Pro Hac Vice to be filed*
328 2nd Avenue North
Jacksonville Beach, Florida 32250
Telephone (904)372-4109
Facsimile    (904)758-5333
Maxstorylaw.com


*Attorney for Plaintiff Tonya Canady*

9