Brian Schulman (016008)
schulmanb@ballardspahr.com
Katherine E. Anderson Sanchez (030051)
andersonsanchezk@ballardspahr.com
Marcos Sasso (Admitted *Pro Hac Vice*)
sassom@ballardspahr.com
Daniel McKenna (Admitted *Pro Hac Vice*)
mckennad@ballardspahr.com
BALLARD SPAHR LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone:   602.798.5400
Facsimile:   602.798.5595

*Attorneys for Defendant Bridgecrest Acceptance Corporation*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tonya Canady, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>Bridgecrest Acceptance Corporation,<br><br>Defendant. | Case No. CV-19-04738-PHX-DWL<br><br>**BRIDGECREST ACCEPTANCE CORPORATION'S MOTION TO STAY THE ACTION** |

Defendant Bridgecrest Acceptance Corporation ("Bridgecrest"), by its undersigned counsel, hereby moves the Court to stay this action, including discovery, pending resolution of the later of: (i) Bridgecrest's appeal from the Court's Order dated April 23, 2020 denying Bridgecrest's Motion to Compel Arbitration and Stay Action; and (ii) the United States Supreme Court's decision in *Barr, Att'y Gen., et al. v. Am. Assoc. of Political Consultants, Inc., et al.*, Case No. 19-631 ("*Barr*"), as well as the Supreme Court's disposition of the pending petition for a writ of certiorari, and possible ruling on the merits, in *Facebook, Inc. v. Duguid, et al.*, Case No. 19-511 ("*Facebook*"). The grounds for this motion are set forth below.

DMWEST #40240915 v1

## I.     **<u>INTRODUCTION</u>**

On May 6, 2020, the U.S. Supreme Court heard oral argument on the constitutionality of the Telephone Consumer Protection Act's ("TCPA") prohibition of certain automated calls set forth in 47 U.S.C. § 227(b).  *See* Docket, *Barr*.[1]  The Supreme Court is considering two key issues: (1) whether the TCPA's automated call prohibition—which includes an exemption to liability for calls to collect government debts—violates the First Amendment; and (2) if so, whether that violation requires striking Section 227(b) of the TCPA in its entirety as unconstitutional, or just the exemption at issue.  The Supreme Court's resolution of these questions "risks a potential total collapse of the TCPA," *Seefeldt v. Entm't Consulting Int'l*, No. 19-188, 2020 U.S. Dist. LEXIS 31815, at *9 (E.D. Mo. Feb. 25, 2020), and could eliminate TCPA claims across the country, including the claim at issue in this action.

Here, Plaintiff, Tonya Canady ("Plaintiff"), on behalf of herself and a putative national class, alleges that Bridgecrest violated the same statutory provision now under review by the Supreme Court in *Barr*.  *See* Compl.¶¶ 36-43.  Both to avoid needless expense and to promote judicial economy, Bridgecrest respectfully requests that this Court stay these proceedings pending resolution of the later of (1) the Supreme Court's imminent ruling in *Barr* (as well as its disposition of proceedings in *Facebook*)[2]; and (2) Bridgecrest's appeal from the Court's Order denying its Motion to Compel Arbitration.  As noted below, absent a stay, Bridgecrest will be forced to defend against Plaintiff's attempt to prosecute this lawsuit on behalf of a nationwide class, potentially to respond to costly discovery on both individual and class-wide issues, and to incur likely unnecessary motion and trial

---

[1] This Court may take judicial notice of the Supreme Court docket in *Barr*, available at https://www.supremecourt.gov/docket/docketfiles/html/public/19-631.html.  *See Duckett v. Godinez*, 67 F.3d 734, 741 (9th Cir. 1995) (court "may take judicial notice of proceedings in other courts, whether in the federal or state systems.").

[2] Bridgecrest also seeks a stay pending the Supreme Court's disposition of a separate petition for writ of certiorari in *Facebook* which, if granted, will potentially resolve another critical issue relevant here:  the definitional contours of an "automatic telephone dialing system" ("ATDS") under the TCPA.  *See* https://www.supremecourt.gov/docket/docketfiles/html/public/19-511.html (appealing *Duguid v. Facebook, Inc*. 926 F.3d 1146 (9th Cir. 2019).

preparation costs, all while the Ninth Circuit determines whether this case should proceed to binding, individual arbitration and while the Supreme Court determines whether the relevant provision of the TCPA should be struck down in its entirety as unconstitutional. If Bridgecrest prevails on the serious questions raised on appeal – or if the Supreme Court strikes down Section 227(b) of the TCPA -- any resources spent on litigation and discovery in this Court will have been entirely wasted.

## II.     BACKGROUND

### A.     The *Barr* Appeal

The TCPA prohibits, among other things, the use of any "automatic telephone dialing system ["ATDS"] or an artificial or prerecorded voice" to "make any call" to "any telephone number assigned to a ... cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii). The statute exempts from liability any call made, *inter alia* "solely to collect a debt owed to or guaranteed by the United States." *Id*. Litigants nationwide have argued that the government-debt collection exemption is content-based discrimination that violates the Free Speech Clause of the First Amendment.

Courts have agreed. Rather than strike the offending prohibition against certain speech (i.e., automated calls), however, those courts have stricken only the exemption for government debt. *See, e.g., Am. Ass'n of Political Consultants, Inc. v. FCC*, 923 F.3d 159, 161 (4th Cir. 2019) ("AAPC"), writ of certiorari granted 140 S. Ct. 812 (2020); *Duguid v. Facebook, Inc.*, 926 F.3d 1146, 1149 (9th Cir. 2019), *pet. for certiorari filed* (Oct. 17, 2019); *Gallion v. United States*, 772 F. App'x 604, 606 (9th Cir. 2019), *pet. for certiorari filed* (Nov. 1, 2019).

In *AAPC* (now *Barr*), the Fourth Circuit held that the TCPA was a content-based speech restriction in violation of the First Amendment because it applies speech restrictions only to debt that is not owed to or guaranteed by the Federal Government. *See* 923 F.3d at 170. It sought to remedy the First Amendment violation by severing the exemption for government-backed debt from the ban on calls—thereby sweeping even more calls under

the TCPA's restrictions. *Id*. at 171. Both parties sought Supreme Court review, as did the Department of Justice.

The Supreme Court granted certiorari. *See supra* note 1. The government petitioners argued that the TCPA is constitutional and, even if it is not, that the proper remedy is severance of the exemption for government-backed debt. *See* Pets.' Br. at 33-42. The business petitioners argued that the TCPA is unconstitutional and that the Fourth Circuit's severance remedy perversely purported to cure the unconstitutional limitation on speech by limiting even more speech, contrary to First Amendment jurisprudence. Resp.'s Brief at 19-25. The Supreme Court is thus poised to decide: (1) whether the government debt collection exemption to the TCPA is an unconstitutional restriction on free speech in violation of the First Amendment; and (2) if so, whether the exemption is severable or, alternatively, the TCPA's prohibition on automated calls set forth in TCPA Section 227(b) must be stricken in its entirety.

### B.     The *Facebook* Certiorari Petition

A petition for writ of certiorari also is pending in *Facebook*, which seeks to challenge a decision of the Ninth Circuit and which – if granted – could prove dispositive here as well. In *Facebook*, the Ninth Circuit held that Section 227(b) of the TCPA is unconstitutional because it prohibits certain types of speech based on content in violation of the First Amendment. Like the Fourth Circuit in *AAPC* (*Barr)*, the court severed the unconstitutional portion of the statute. *See generally Duguid v. Facebook, Inc.*, 926 F.3d 1146 (9th Cir. 2019). Facebook filed a petition for writ of certiorari on October 17, 2019, arguing that the Ninth Circuit erred by: (1) severing the portion of the TCPA that was found infirm, rather than striking down the statute in its entirety; and (2) improperly rewriting the TCPA to define the statutory term ATDS as encompassing *any* device that can store and automatically dial telephone numbers, even if the device does not use a "random or sequential number generator," as specifically required by the statutory definition. Pet. at i, ii, *Facebook* Docket No. 1. Facebook's petition was distributed for conference on January

Ballard Spahr LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone: 602.798.5400

8, 2020, and may be decided by the end of the Supreme Court's current term in June 2020. *See* fn. 2, *supra*, Docket, *Facebook*.

### C. <u>Plaintiff's Claims against Bridgecrest</u>

Plaintiff brings this putative class action for alleged violations of Section 227(b) of the TCPA -- the same provision at issue in *Barr* and *Facebook* -- based on alleged calls by Bridgecrest regarding Plaintiff's husband's car loan. Specifically, Plaintiff's husband, non-party Bruce Canady, purchased a vehicle with financing from non-party DriveTime Car Sales Company, LLC ("DriveTime"). (Dkt. 18-1 at 2-3). DriveTime then assigned the loan to Bridgecrest. (Dkt. 18 at ¶ 6; Answer, Dkt. 31 at ¶ 7). In connection with his purchase, Mr. Canady provided the phone number ending in 4438 (the "4438 Number"), that is the subject of this action, as his contact number and expressly directed Bridgecrest to communicate with Plaintiff regarding his account. (Dkt. 18-1 at 6). Mr. Canady also signed an arbitration agreement, requiring that all claims with respect to the vehicle loan be arbitrated on an individual, non-class basis (the Arbitration Agreement"). (Dkt. 18-1 at 10-14).

In the Complaint, Plaintiff alleges that, subsequent to her husband's purchase of the vehicle, Bridgecrest called the 4438 Number, which she claims is her cellular number, allegedly using an ATDS, without her consent. (Compl., Dkt. No. 1 at ¶¶ 5-9). Plaintiff purports to assert claims under the TCPA on her own behalf and on behalf of a putative class of persons in the United States "subscribing to a cellular telephone number" called by Bridgecrest using the same system used to call Plaintiff and/or using a pre-recorded message after July 17, 2019 and "after receiving a request to no longer call that number." (*Id*. at ¶¶ 23-24).

Bridgecrest moved to compel arbitration of Plaintiff's claims on the grounds that: (i) the Arbitration Agreement requires arbitration on an individual, non-class basis of all disputes arising from or relating to the vehicle loan contract; (ii) as her husband's representative/agent and an authorized third party on the account, Plaintiff is bound by the arbitration agreement; and (iii) Plaintiff is equitably estopped from avoiding arbitration

because her putative TCPA claim arises from and must be determined by reference to the underlying vehicle purchase contract.  (Dkt. 17 at 2, 14-15).

By Order dated April 23, 2020, the Court denied Bridgecrest's Motion.  The Court found that, under Florida law, Plaintiff is not bound by the Arbitration Agreement as her husband's personal representative and further that she is not equitably estopped from avoiding arbitration because she did not "knowingly exploit" the benefits of the vehicle contract.

On May 21, 2020, Bridgecrest filed its Notice of Appeal from the Court's Order.  The issues raised on appeal are whether: (1) the Court erred in applying Florida law (as opposed to federal common law or the law of another state) to the dispute; and (2) under any potentially applicable law (including Florida law), the Court erred in holding that Plaintiff is not bound by the Arbitration Agreement and/or is not equitably estopped from avoiding arbitration.

## III.  ARGUMENT

A district court has broad discretion to stay an action based on its inherent power to control its docket.  *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  A stay is "`an exercise of judicial discretion,' and '[t]he propriety of its issue is dependent upon the circumstances of the particular case.'"  *Nken v. Holder*, 556 U.S. 418, 433 (2009).  The Ninth Circuit requires courts to analyze four factors in assessing whether to grant a stay pending resolution of an appeal:  (1) whether the movant has made a strong showing that it is likely to succeed on the merits; (2) whether the movant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) whether the public interest weighs in favor of a stay.  *Lair v. Bullock*, 697 F.3d 1200, 1203 (9th Cir. 2012).  A movant may satisfy the "likelihood of success" factor by demonstrating a "substantial case for relief on the merits" or that the appeal "[raises] serious legal questions."  *Leiva-Perez v. Holder*, 640 F.3d 962, 967-68 (9th Cir. 2011).

For the reasons discussed below, the relevant factors weigh strongly in favor of a stay of this litigation, including all discovery, pending the Supreme Court's resolution of proceedings in *Barr* and *Facebook* and/or the Ninth Circuit's resolution of Bridgecrest's appeal in this case – whichever is later.

### A. The Court Should Stay This Case Pending the Supreme Court's Imminent Decision in *Barr*.

Courts across the country -- including this Court -- faced with pending TCPA claims similar to the claim at issue here, uniformly have ruled that the relevant *Landis* factors weigh strongly in favor of a stay pending the Supreme Court's determination of the TCPA's constitutionality in *Barr*. *See, e.g.*, *Whittaker v. All Reverse Mortg., Inc.*, No. CV-20-08016, 2020 U.S. Dist. LEXIS 96833 (D. Ariz. 2020) (holding that *Barr* is likely to be decided in mid-June and a stay of less than one month will not harm the plaintiff); *Jensen v. Roto-Rooter Servs. Co.*, No. 20-223, 2020 U.S. Dist. LEXIS 85374, at *5 (W.D. Wash. May 14, 2020) (staying TCPA case pending *Barr*); *Calhoun v. FLRish, Inc.*, No. 19-8212, 2020 U.S. Dist. LEXIS 844585, at *8-9 (N.D. Cal. May 13, 2020 (same); *Lacy v. Comcast Cable Commc'ns, LLC*, No. 19-5007, 2020 U.S. Dist. LEXIS 74666, at *5 (W.D. Wash. Apr. 28, 2020) (same).[3]  This Court should join those courts by granting a stay here.

#### 1. A Stay Is In The Public Interest As It Would Promote Judicial Economy.

Granting a stay here is in the public interest because it will simplify the issues and promote judicial economy.  "[A] trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) (internal quotation

---

[3] *Accord Nakai v. Charter Commc'ns, Inc.*, No. 19-8035, 2020 U.S. Dist. LEXIS 70186, at *16 (C.D. Cal. Apr. 15, 2020) (same); *Boger v. Citrix Sys., Inc.*, No. 19-1234, 2020 U.S. Dist. LEXIS 71072, at *5 (D. Md. Apr. 22, 2020) (same); *Franklin v. Navient Corp.*, No. 17-1640, 2020 U.S. Dist. LEXIS 57039, at **1-3 (D. Del. Apr. 1, 2020) (same); *Lindenbaum v. Realgy, LLC*, No. 19-2862, 2020 U.S. Dist. LEXIS 70432, at **1-5 (N.D. Ohio Mar. 19, 2020) (same); *Seefeldt*, 2020 U.S. Dist. LEXIS 31815, at *9 (same); *Wright v. eXp Realty, LLC*, No. 18-1851, 2020 U.S. Dist. LEXIS 43378, *3 (M.D. Fla. Feb. 7, 2020) (same).

marks omitted). Indeed, a stay also may benefit a plaintiff, who would "be spared the expense of pursuing doomed claims." *RB Prods. v. Ryze Capital, LLC*, No. 19-105, 2019 U.S. Dist. LEXIS 191576, at *7 (D. Nev. Nov. 4, 2019).

Allowing the Supreme Court to rule on the TCPA's constitutionality in *Barr* before this case proceeds will promote judicial economy given that – in the event the high Court strikes Section 227(b) of the TCPA in its entirety – such ruling would dispose of Plaintiff's TCPA claim here. Indeed, a stay is particularly warranted because this case is in the earliest stages, and discovery has not commenced. *See, e.g.*, *Seefeldt*, 2020 U.S. Dist. LEXIS 31815, at *11-12 ("A (relatively) young case, at least from the standpoint of litigation efforts, if not time alone, favors staying this action."). Accordingly, this factor strongly favors a stay.

### 2. Bridgecrest Will Suffer Undue And Irreparable Harm Absent A Stay.

Bridgecrest will suffer undue and irreparable harm absent a stay because it will be required to expend substantial resources litigating claims that the parties had agreed to resolve through the inexpensive and expeditious arbitration process. *See Alascom, Inc. v. ITT N. Elec. Co.*, 727 F.3d 1419, 1422 (9th Cir. 1984) (litigating an arbitrable claim in court causes irreparable harm because "one party is deprived of the inexpensive and expeditious means by which the parties had agreed to resolve their disputes.'"); *Bridge Fund Capital Corp. v. Fastbuck Franchise Corp.*, No. 2:08-cv-00767, 2009 U.S. Dist. LEXIS 39963, at *8 (E.D. Cal. May 12, 2009) (monetary harm can be irreparable in the "unique situation when these expenses are incurred pending an appeal of an order refusing to compel arbitration.").

The concern about unnecessary litigation expense is heightened here by the fact that Plaintiff has brought this case as a putative class action. Specifically, the enormous costs associated with class discovery and motion practice will have been entirely wasted in the event the Court in *Barr* strikes the TCPA as unconstitutional. *See Nakai, supra,* 2020 U.S. Dist. LEXIS 70186, at *15 ("in the absence of a stay, [defendant] would be required to spend additional resources defending against this putative nationwide class action that may

ultimately be rendered moot by the decision in [*Barr*]."); *Seefeldt*, 2020 U.S. Dist. LEXIS 31815, at *11-12 (holding that "a stay is appropriate . . . to avoid exhausting judicial resources to decide things like defendant's multifaceted motion to dismiss, plaintiff's pending motion for class certification, and any possible discovery-related matters or summary judgment motions"); *see also Romero v. Securus Techs.*, 383 F. Supp. 3d 1069, 1075 (S.D. Cal. 2019) (holding that "the prospect of substantial, unrecoverable time and resources spent on class discovery weighs in [movant's] favor" for a stay). Such expenses and uncertainties are present here, where the Supreme Court will soon decide the constitutionality of the precise statutory provision forming the basis for Plaintiff's claims in this action.

Courts across the country – again – uniformly have found that this factor weighs in favor of a stay pending a ruling in *Barr*. *See supra* at p. 7.

### 3. A Stay Will Not Result in Undue Prejudice or Hardship to Plaintiff.

Plaintiff will not be prejudiced by a short stay of these proceedings. Delay in obtaining money damages does not constitute sufficient prejudice for purposes of the stay analysis. *See Doerken v. USAA Savs. Bank*, No. 16-8824, 2017 U.S. Dist. LEXIS 63474, at *4 (C.D. Cal. Apr. 26, 2017) ("[C]ourts have held that there is no likelihood of damage or harm to the non-moving party merely because a stay could cause a delay to the plaintiff in seeking money damages"). Plaintiff does not allege that she is continuing to receive calls; thus, she seeks only monetary relief. This is not the type of harm that should preclude a stay. *See Whittaker v. All Reverse Mortg., Inc.*, No. CV-20-08016, 2020 U.S. Dist. LEXIS 96833 (D. Ariz. 2020).

Moreover, the stay would be for a short, finite period. The Supreme Court "usually issues its decision within three months of oral argument; only the very rare case bounces around the chambers for more than six months, and almost every decision is issued in the same term in which the case is argued." *The Best for Last: The Timing of U.S. Supreme Court Decisions*, 64 Duke L.J. 991, 993 (Mar. 2015). Thus, a decision in *Barr* is expected

by August 2020, if not sooner. *See id*. As Plaintiff will suffer no real harm, this factor favors a stay.

### B. The Court Also Should Stay This Case Pending the Supreme Court's Disposition of the Certiorari Petition, And Potential Merits Ruling, In *Facebook*.

Bridgecrest also seeks a stay because two of the issues presented by this case – (1) whether the TCPA should be stricken as unconstitutional, and (2) how the term "ATDS," as used in the TCPA, should be defined – are at issue in the pending petition for writ of certiorari in *Facebook*, which was filed on October 17, 2019 and has since been fully briefed. *See* fn. 2, *supra*, Docket, *Facebook*. The "definitive answer to" those questions "will come from the Supreme Court and not this court." *Albright v. Bd. of Educ. of Granite Sch. Dist.*, 765 F. Supp. 682, 684 (D. Utah 1991).

There can be no more important reason to stay a federal action than the potential resolution of a controlling issue of law by the United States Supreme Court in another case. *See Daimler-Benz Aktiengesellschaft v. U.S. Dist. Court of the W. Dist. of Okla.*, 805 F.2d 340, 341-42 (10th Cir. 1986) (staying appellate proceedings because the Supreme Court granted a petition for writ of certiorari on the same issue in another action); *Canady v. United States*, No. 16-336, 2016 U.S. Dist. LEXIS 103627, at *1-2 (D. Utah Aug. 5, 2016) (staying case pending Supreme Court decision in another proceeding).

Resolution of the second issue presented in *Facebook*, which was not argued in *Barr*, will have a direct impact on this case. "[A]ppellate courts have been unable to agree on the exact definition to give to an "autodialer" that lies at the heart of the TCPA's prohibitive mandates. This is a preliminary issue to the determination of whatever possible exceptions might remain following constitutional scrutiny." *Seefeldt*, 2020 U.S. Dist. LEXIS 31815, at *4. For that precise reason, the *Seefeldt* court granted a stay "to wait for much-needed clarity from the Supreme Court—at least as to the [constitutionality] problem, but also potentially the definitional problem" raised in *Facebook*. *Id.* at *9.

Accordingly, this case should be stayed until the Supreme Court's disposition of the petition for a writ of certiorari, and potential ruling on the merits, in *Facebook*.

### C. The Court Should Stay This Case Pending Resolution of Bridgecrest's Appeal, Which Raises Serious Legal Questions.

The factors articulated in *Bullock* apply equally to warrant a stay pending resolution of Bridgecrest's appeal in this case.

As already noted, a movant satisfies the "likelihood of success" factor by demonstrating a "substantial case for relief on the merits" or that the appeal "[raises] serious legal questions." *Leiva-Perez v. Holder*, 640 F.3d 962, 967-68 (9th Cir. 2011). If the appeal raises serious legal questions, this factor weighs in favor of a stay "even if the moving party has only a minimal chance of prevailing on these questions." *O'Connor v. Uber Techs., Inc.*, No. 13-cv-02836, 2015 U.S. Dist. LEXIS 171494, at *6 (N.D. Cal. Dec. 22, 2015).

This appeal raises several serious legal questions on which Bridgecrest has made a substantial case for relief on the merits. First, Bridgecrest respectfully disagrees with the Court's application of Florida law to its Motion, and will demonstrate on appeal that this was error and that the Court should have applied federal common law. (*See* Dkt. 25 at p. 9 n.8). Alternatively Bridgecrest will argue on appeal that – even assuming *arguendo* that Florida law applies here – Plaintiff is bound by the Arbitration Agreement as her husband's agent and personal representative and further is equitably estopped to avoid arbitration. (*Id.* at pp. 7-14 (citing numerous cases)); *see also Blinco v. Green Tree Servicing, LLC*, 400 F.3d 1308, 1312 (11th Cir. 2005) (wife who did not sign promissory note entered into by her husband was equitably estopped from challenging enforcement of the arbitration clause where her claims derived from the note); *Ocean M, Ltd. v. Dorr*, No. 18-24530, 2019 U.S. Dist. LEXIS 26122 **13-14 (S.D. Fla. 2019) ("Under Florida law, a non-signatory may be bound to arbitrate under the following five theories: 1) incorporation by reference; 2) assumption; 3) agency; 4) veil piercing/alter ego; and 5) estoppel").

As noted above, a stay will promote judicial economy by allowing the Ninth Circuit to determine whether this case should proceed to expeditious, individual arbitration before the parties expend unnecessary resources on class discovery and motion practice. Indeed, the determination whether a class should be certified here would require burdensome

discovery and mini-trials on the multiple fact-intensive issues identified in this Court's Order, including: whether the putative class member is bound by the subject arbitration agreement as a customer or an authorized user; whether the class member is bound under principles of agency and/or equitable estoppel; and what law applies to the contract from which the putative TCPA claim arose. Such fact-intensive, individualized questions would overwhelm any potential common issues. There is simply no need to burden the Court or the parties with discovery and briefing on these issues until the Ninth Circuit determines whether Plaintiff's claim must be submitted to binding, individual arbitration, which would effectively moot any putative class action.

The remaining stay factors (irreparable harm to Bridgecrest and lack of prejudice to Plaintiff) weigh in favor of a stay for the reasons discussed above.

## IV.   CONCLUSION

As one court has observed, "[t]here is no dispute that the Supreme Court's resolution of the [constitutionality] and severance issue[s] [in *Barr*] may be dispositive of" pending TCPA actions across the country. *Lindenbaum*, 2020 U.S. Dist. LEXIS 70432, at *4. Absent a stay, Bridgecrest will be forced to defend against Plaintiff's attempt to prosecute this lawsuit on behalf of a nationwide class, potentially to respond to costly discovery on both individual and class-wide issues, and to incur likely unnecessary motion and trial preparation costs, all while the Supreme Court determines whether the TCPA should be struck down in its entirety as unconstitutional. Accordingly, all of the stay factors strongly support a stay in this case pending a disposition by the Supreme Court in both *Barr* and *Facebook* and also pending resolution of this appeal on the merits – whichever is later.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

Ballard Spahr LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone: 602.798.5400

RESPECTFULLY SUBMITTED this 22nd day of June 2020.

            BALLARD SPAHR LLP

            By: */s/ Katherine E. Anderson Sanchez*
              Brian Schulman
              Katherine E. Anderson Sanchez
              Marcos Sasso (*Admitted Pro Hac Vice*)
              Daniel McKenna (*Admitted Pro Hac Vice*)
              1 East Washington Street, Suite 2300
              Phoenix, AZ 85004-2555
              *Attorneys for Defendant Bridgecrest Acceptance Corporation*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of June 2020, I electronically transmitted the foregoing document to the U.S. District Court for the District of Arizona Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

*/s/ Vicki L. Morgan*