**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tonya Canady, | No. CV-19-04738-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Bridgecrest Acceptance Corporation, | |
| Defendant. | |

Pending before the Court is a "motion to strike class allegations" filed by Defendant Bridgecrest Acceptance Corporation ("Bridgecrest"). (Doc. 65.) For the following reasons, the motion is denied.

**RELEVANT BACKGROUND**

In this action, which was initiated in July 2019, Plaintiff Tonya Canady ("Canady") alleges that Bridgecrest violated the Telephone Communications Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), by placing calls to her cell phone throughout 2018 and 2019 without her consent while using an artificial or automated voice. (Doc. 1.)[1] The complaint is styled as a "Class Action Complaint" and alleges that Canady is pursuing claims "individually and on behalf of all others similarly situated." (*Id.* at 1-2.) To that end, in the "Class Allegations" section of the complaint, Canady alleges that she is bringing claims on behalf of a "Pre-recorded Class," which "consists of: (1) All persons in the United States

---

[1] The complaint also alleges that Bridgecrest violated the TCPA by using an automatic telephone dialing system ("ATDS") when making the challenged calls (Doc. 1 ¶ 37), but Canady has since clarified that she will not be pursuing that allegation (Doc. 83).

(2) subscribing to a cellular telephone number (3) to which Bridgecrest placed a non-emergency telephone call (4) using a pre-recorded message (5) within 4 years of the date this complaint is filed (6) after receiving a request to no longer call that number." (*Id.* ¶ 24.) The complaint also includes allegations concerning why "[t]here are questions of law and fact common to the members of the Class [that] predominate over any questions that affect only individual class members" (*id.* ¶ 31); allegations concerning why Canady is a proper class representative (*id.* ¶ 32); and allegations concerning Canady's counsel's experience in handling class actions (*id.* ¶ 33).

On October 2, 2019, Bridgecrest moved to compel arbitration based on an arbitration agreement that Canady's husband signed when purchasing a truck from Bridgecrest's predecessor in interest. (Doc. 17.)

On April 23, 2020, the Court issued an order denying Bridgecrest's motion, concluding that Canady was not bound by the arbitration agreement because she did not sign it (or otherwise agree to it) and was not equitably estopped from avoiding it. (Doc. 27.)[2]

On May 1, 2020, Bridgecrest filed an answer to the complaint. (Doc. 31.)

On August 11, 2021, following the issuance and lifting of a stay for reasons unrelated to the current dispute (Docs. 44, 55), the parties filed the Rule 26(f) report. (Doc. 58.) In the report, Bridgecrest asked the Court to bifurcate class discovery from merits discovery and to set a deadline in August 2022 for Canady to file any motion for class certification. (*Id.* at 9, 15-18.) Bridgecrest asserted that "[s]uch bifurcation [would be] efficient [and] economical" in part because Canady "does not require intrusive merits discovery to pursue certification in this case." (*Id.* at 15.)

On August 24, 2021, the Court issued the Rule 16 scheduling order. (Doc. 61.) Per Bridgecrest's request, the Court set a deadline of March 9, 2022 "for completion of precertification discovery," set a deadline of August 28, 2022 for Canady to file a motion

---

[2]   Bridgecrest pursued an interlocutory appeal of this ruling, but the Ninth Circuit affirmed in a memorandum disposition issued in November 2021. (Doc. 78.)

for class certification, held that the deadline for completion of all fact discovery would not expire until "120 days after the issuance of the Court's decision on the certification request," and similarly held that various expert disclosure and other deadlines would not expire until "after the issuance of the Court's decision on the certification request." (*Id.* at 2-6.)

On September 1, 2021, Bridgecrest filed two motions: (1) a motion for judgment on the pleadings (Doc. 62); and (2) the pending motion to strike Canady's class allegations (Doc. 65). Bridgecrest requested that the Court defer ruling on the latter until it had ruled on the former. (Doc. 65 at 1 ["This motion should be considered only if the Court does not grant Bridgecrest's contemporaneously filed motion for judgment on the pleadings."].)

In December 2021, the motion for judgment on the pleadings became fully briefed. (Docs. 71, 76, 79, 85.)

On January 21, 2022, the Court issued an order denying the motion for judgment on the pleadings. (Doc. 87.) This ruling, coupled with the completion of the briefing on the motion to strike (Docs. 70, 75), means the motion to strike is now ripe for resolution.

**DISCUSSION**

Bridgecrest moves, pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, to strike the class allegations from Canady's complaint. (Doc. 65.) In a nutshell, Bridgecrest argues that Canady's class allegations should be stricken because there is no way she will succeed on a certification request under Rule 23 (due to the predominance of individual questions, a lack of commonality, and Canady's inability to represent the putative class) and "[a]llowing a facially uncertifiable class to proceed beyond the pleadings can result in significant prejudice to a defendant in the form of excessive and unnecessary discovery." (*Id.*) In response, Canady argues that Bridgecrest's motion is procedurally deficient for two reasons—*first*, it is untimely under Rule 12(f)(2); and *second*, it does not seek the sort of narrow relief contemplated by Rule 12(f)(1)—and, at any rate, fails on the merits because it does not "establish there are no circumstances under which the proposed class could be certified." (Doc. 70.) In reply, Bridgecrest briefly

addresses Canady's procedural objections before spending the bulk of its brief discussing why any class certification request in this case will ultimately prove unsuccessful. (Doc. 75.)

The Court agrees with Canady's procedural objections. This case has been pending for approximately two and a half years, Bridgecrest has already answered the complaint, the Court has already (at Bridgecrest's request) bifurcated the discovery process, and the deadline for completing certification-related discovery will soon expire. The Court has also set an August 2022 deadline for Canady to formally move for class certification under Rule 23. To the extent Bridgecrest believes class certification is inappropriate, it will have a full and fair opportunity to make its case when it opposes Canady's certification motion.

It would be inappropriate, at least against this procedural backdrop, to allow Bridgecrest to seek certification-related relief now under Rule 12(f). As an initial matter, Bridgecrest's motion is untimely. Under Rule 12(f)(2), a party may file a motion to strike material from a pleading "either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." Here, Bridgecrest filed its answer in May 2020, so the motion to strike (filed in September 2021) comes 16 months too late. Bridgecrest's only response to Canady's timeliness objection is to note that, under Rule 12(f)(1), the court may strike material from a pleading "on its own" at any time, but this provision is obviously inapplicable here because the Court is not acting *sua sponte*—it is addressing a motion filed by Bridgecrest.

Bridgecrest also lacks an entitlement to relief for other reasons. Bridgecrest is not, to be clear, moving to deny class certification under Rule 23. *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 941 (9th Cir. 2009) ("A defendant may move to deny class certification before a plaintiff files a motion to certify a class."). Instead, Bridgecrest is seeking to strike the class allegations in Canady's complaint pursuant to Rule 12(f). Not only are Rule 12(f) motions to strike "viewed with disfavor" and "not frequently granted," *Operating Eng'rs Local 324 Health Care Plan v. G & W Constr. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015), but the text of Rule 12(f) provides that a motion to strike may only be

directed at "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." These limited categories do not map neatly onto a class allegation. Such an allegation is not a defense, is not redundant, is not impertinent, and is not scandalous. At most, it might be said that a facially deficient class allegation is "immaterial," but even that is something of a stretch. *See generally* 1 Steven S. Gensler, Federal Rules of Civil Procedure, Rules and Commentary, Rule 23, at 632 (2020) (characterizing as "problematic" the use of Rule 12(f) to strike class allegations).

Admittedly, some courts have entertained Rule 12(f) motions to strike class allegations despite these concerns. Even so, "[m]otions to strike class allegations are particularly disfavored because it is rarely easy to determine before discovery whether the allegations are meritorious." *Cheatham v. ADT Corp.*, 161 F. Supp. 3d 815, 834 (D. Ariz. 2016). *See also Baughman v. Roadrunner Communications, LLC*, 2013 WL 4230819, *2 (D. Ariz. 2013) ("Motions to strike class allegations are disfavored because a motion for class certification is a more appropriate vehicle in which to consider the issue.") (citation and internal quotation marks omitted). Thus, courts have held that resort to Rule 12(f) is improper "where the issues raised in the motion to strike are the same ones that would be decided in connection with determining the appropriateness of class certification under Rules 23(a) and 23(b)." *Rahman v. Smith & Wollensky Restaurant Group, Inc.*, 2008 WL 161230, *3 (S.D.N.Y. 2008).

That is the case here. Bridgecrest's essential argument is that Canady's class allegations should be stricken because, when it comes time to formally take up the issue of certification under Rule 23, Canady won't be able to meet her burden "because individual questions of revocation predominate, putative class members lack commonality, and Plaintiff is not representative of the class." (Doc. 65 at 5.) These are the same issues that will be decided when determining whether to grant class certification, so Bridgecrest's reliance on Rule 12(f) is misplaced. *Cf. Kassman v. KPMG LLP*, 925 F. Supp. 2d 453, 464-65 (S.D.N.Y. 2013) (denying Rule 12(f) motion to strike class allegations because "KPMG's objections go to whether Plaintiffs can satisfy the requirements of Rule 23(a)(2),

(b)(2), and (b)(3)," which are "exactly the sorts of issues that would be litigated and decided in the context of a motion for class certification," and were thus "procedurally premature") (cleaned up).

Accordingly,

**IT IS ORDERED** that Bridgecrest's motion to strike (Doc. 65) is **denied**.

Dated this 31st day of January, 2022.

Dominic W. Lanza
United States District Judge