**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tonya Canady, | No. CV-19-04738-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Bridgecrest Acceptance Corporation, | |
| Defendant. | |

Pending before the Court is Plaintiff's motion to seal. (Doc. 116.) For the reasons stated below, the motion is denied without prejudice.

The public has a general right to inspect judicial records and documents, such that a party seeking to seal a judicial record must overcome "a strong presumption in favor of access." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). To do so, the party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure . . . ." *Id.* at 1178-79 (internal quotation marks and citations omitted). The Court must then "conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1179 (internal quotation marks omitted). "After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* (internal quotation marks omitted).

Plaintiff asserts that because the motion is "non-dispositive," the compelling reasons standard does not apply (Doc. 116 at 2-3), but "public access to filed motions and their attachments does not merely depend on whether the motion is technically 'dispositive.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). The "stringent" compelling reasons standard applies to all filed motions and their attachments where the motion is "more than tangentially related to the merits of a case." *Id.* The Court has reviewed the motion and materials (lodged under seal at Doc. 117) and finds that they are more than tangentially related to the merits. Thus, the compelling reasons standard applies.

Plaintiff gives no reasons to justify sealing, other than the assertion that the documents at issue were designated as confidential. (Doc. 116 at 3.) This is insufficient. The mere fact a party has designated certain materials or information as confidential pursuant to an agreement or stipulation does not establish that any legal standard for placing those materials or information under seal has been met. *Ctr. for Auto Safety*, 809 F.3d at 1101. Plaintiff has not attempted to "*articulate compelling reasons* supported by *specific factual findings* that outweigh the general history of access and the public policies favoring disclosure . . . ." *Kamakana*, 447 F.3d at 1178-79 (emphasis added); *see also* LRCiv 5.6(b) ("Any motion or stipulation to file a document under seal must set forth a clear statement of the facts and legal authority justifying the filing of the document under seal . . . .")

Thus, the motion is denied without prejudice. To the extent that Plaintiff wishes to try again,[1] she must include—for each document she wishes to file under seal—a specific description of the document and compelling reasons for sealing that document, supported by specific facts. The more specific and compelling the reasons and facts provided are, the more likely it is that the Court will find that compelling reasons justify sealing the documents.

---

[1] Local Rule 5.6(d) sets forth the procedure when "a party wishes to file a document that has been designated as confidential by another party pursuant to a protective order or confidentiality agreement." It may be that Defendant, rather than Plaintiff, will file a renewed motion to seal. The guidelines set forth in this order would equally apply.

1  In any event, the Court is unlikely to seal the lodged motion in its entirety. If Plaintiff seeks to seal only certain portions of a given document, the unredacted version of the document, which should be lodged under seal pursuant to LRCiv 5.6(c), must include highlighting to indicate which portions of the document Plaintiff seeks to redact. This facilitates the Court's review and is part of the Court's standard protective order. (Doc. 88 at 5-6.)

Accordingly,

**IT IS ORDERED** denying without prejudice Plaintiff's motion to seal (Doc. 116).

Dated this 12th day of August, 2022.

_____
Dominic W. Lanza
United States District Judge